DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas which denied motions filed by pro se defendant-appellant Corey Blackshear. From that judgment, Blackshear raises the following assignments of error:
"ASSIGNMENT OF ERROR I
 the [sic] trial court abused its discretion by failing to entertain an eviDENTIARY [sic] HEARING ON THE PETITIONER'S CONSENT TO WAIVE HIS RIGHT TO PROPERTY KNOWINGLY, WILLINGLY AND INTELLIGENTLY THAT WAS PROFFERED BY ATTORNEY DUHART UNDER MISREPRESENTATION OF A CONSENT AGREEMENT.
"ASSIGNMENT OF ERROR II
 THE TRIAL COURT ABUSED ITS DISCRETION BY NOT CONDUCTING A FORFEITURE HEARING DEPRIVED [sic] PETITIONER OF PROPERTY UNDER FIFTH AND FOURTEENTH AMDTS. [sic] DUE PROCESS [sic] ENJOINED TO CRIM. RULE 12(F) AS EVIDENCE.
"ASSIGNMENT OF ERROR III
 the [sic] trial court abused its discretion by accepting a pleading from the DEFENDANT [sic] THAT WAS NOT SIGNED VIOLATES [sic] CIVIL RULE 11 AND WARRANTS THE PLEADING BE STRICKEN FROM THE RECORD: [sic] OR, THE PLAINTIFF BE GIVEN THE SAME PLEADING THAT IS SIGNED BY THE DEFENDANT."
The relevant facts of this case are as follows. On September 23, 1999, appellant orally and in writing entered a plea of guilty to a charge of possession of crack cocaine in violation of R.C. 2925.11(A) and (C)(4)(c). Appellant was subsequently sentenced to a term of imprisonment of three years on that conviction. In connection with the possession charge, the state filed a petition for forfeiture of funds seized from appellant. On November 16, 1999, the trial court filed a consent judgment entry that was signed by an assistant prosecuting attorney and by Myron C. Duhart, appellant's attorney. The entry stated that, by stipulation of the parties, $2,700 seized from appellant shall be disposed of as if contraband and awarded to the state of Ohio, and $1,200 shall be returned to appellant through his counsel.
Appellant did not appeal the consent judgment entry. Rather, on November 28, 2000, he filed a "motion and affidavit for order of possession, Ohio Revised Code 2737.03" and "petitioner's first discovery propounded to attorney Myron Duhart, Civ.R. 26 and 60(B)" against the Lucas County Prosecutor and the Lucas County Chief of Police. Through these motions, appellant sought to challenge the consent judgment entry and regain possession of the property that was seized from him in connection with his conviction for possession. In particular, appellant alleged that he had not willingly, knowingly or intelligently entered into the forfeiture contract. On December 21, 2000, the trial court filed a judgment entry denying both of appellant's pending motions. It is from that judgment that appellant appeals.
Because appellant's first and second assignments of error are interrelated, they will be discussed together. These assignments of error challenge the trial court's consent judgment entry of November 16, 1999. They do not address or in any way challenge the trial court's judgment of December 21, 2000. Because appellant never timely appealed the consent judgment entry of November 16, 1999, that decision cannot now be challenged on appeal. Accordingly, the first and second assignments of error are not well-taken.
In his third assignment of error, appellant asserts that the trial court erred in failing to strike from the record the motion that the "Lucas County Police Department [sic]"[1] filed in response to appellant's "motion and affidavit for order of possession, Ohio Revised Code 2737.03." The motion to which appellant refers was appellee's motion to strike appellant's motion for possession. Appellant contends that the court should have stricken the motion from the record because the copy that was sent to him was not signed by counsel. Appellant cites Civ.R. 11 in support of his argument.
Civ.R. 11 provides in part that "[e]very pleading, motion, or other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name * * *." The rule then states that "[i]f a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served." Appellee filed its motion in the court below on December 13, 2000. That motion was signed by Attorney Adam Loukx as counsel for appellee. Accordingly, appellee did not violate Civ.R. 11 and the trial court did not abuse its discretion in failing to strike the motion from the record. The third assignment of error is not well-taken.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J.
James R. Sherck, J. and Mark L. Pietrykowski, P.J. CONCUR.
[1] Appellant filed his motions below against, inter alia, the "Lucas County Police Department." There is, however, no such entity. Rather, the Toledo Police Department responded to appellant's motions below and is an appellee in the present appeal.